Case 1:08-cv-00656 Document 1 Filed 01/30/2008 Page 1 of 15

CEM

**FILED**
**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGELIO ESCAMILLA, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | Judge: _____ |
| v. | ) | |
| | ) | **JUDGE NORGLE** |
| BERRY PLASTICS CORPORATION d/b/a | ) | **MAGISTRATE JUDGE VALDEZ** |
| TYCO PLASTICS | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**08 C 656**

## COMPLAINT

NOW COMES THE PLAINTIFF, ROGELIO ESCAMILLA (hereinafter "Plaintiff" and/or "Escamilla"), by and through his undersigned Counsel of Record, and for his Complaint against Berry Plastics Corporation d/b/a Tyco Plastics (hereinafter "Defendant" and/or "Tyco"), states as follows:

## NATURE OF ACTION

1. Plaintiff, Rogelio Escamilla, brings this four (4) Count Complaint against Defendant Tyco. seeking damages for Defendant's egregious disability discrimination, failure to accommodate, harassment, unlawful termination, hostile work environment and related unlawful conduct constituting violations of the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq.* ("ADA") and the Intentional Infliction of Emotional Distress.

2. This case is about Defendant's shocking, egregious, willful and intentional violations of the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq.* ("ADA"). Plaintiff Escamilla alleges that Defendant Tyco carried out a continuous, ongoing pattern of harassment towards Plaintiff due to his disability and violated the ADA through its

policies and practices, including refusing medically necessary time off of work, denying requests for reasonable accommodations and terminating him due to his disability.

3. Plaintiff is a qualified individual with a disability (severe brain cyst) that was unlawfully subjected to continuous, egregious, and shocking discrimination on the basis of his disability during his employment and unlawfully terminated Plaintiff from his employment because of his disability and/or for his reporting of disability discrimination. Plaintiff Escamilla was disabled and/or perceived as disabled by Tyco. Plaintiff's medical condition substantially impairs major life functions and activities.

4. Despite Plaintiff's dedicated employment, and despite Plaintiff's repeated requests for accommodation and obvious need for accommodation, Defendant utterly failed to offer any reasonable accommodation and/or to engage in an "interactive process" to determine whether reasonable accommodation was possible. Defendant treated Plaintiff less favorably than non-disabled employees in the terms, conditions, responsibilities, and privileges of employment.

5. Plaintiff reported/complained about the discrimination, and in retaliation for his complaints/reports, Defendant terminated Plaintiff.

6. Defendant unlawfully terminated Plaintiff for complaining/reporting disability discrimination and in retaliation for exercising his right to take legal action because Defendant failed to stop, remediate, correct, prevent mitigate and/or otherwise appropriately address the ongoing and continuous disability discrimination.

7. Plaintiff has suffered extreme emotional distress, lost wages, and other significant damages as a direct and proximate result of Defendant's discrimination, retaliation, and termination of Plaintiff.

## PARTIES

    a.    **Plaintiff**

9.    Plaintiff, Rogelio Escamilla, is a resident of Kane County, Illinois who currently resides at 1492 Golden Oak Parkway, Aurora, Illinois 60506.

10.    Plaintiff Escamilla was an employee of Defendant Tyco from approximately April 3, 2006 through the date of his illegal termination November 10, 2006.

    b.    **Defendant**

11.    Defendant Tyco is a company doing business in the State of Illinois. Tyco maintains an office at 921 W. Industrial Dr., Aurora, Illinois 60506, at which Plaintiff Escamilla was employed. Defendant Tyco describes itself as a major producer of a wide range of products, including polyethylene-based plastic films, industrial tapes, medical specialties, packaging, heat-shrinkable coatings and specialty laminates.

12.    Defendant Tyco is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of the ADA, 42 U.S.C. § 12202, 12111(5)(A).

13.    At the time of his termination, Plaintiff was employed by Defendant Tyco in the position of Team Leader.

## JURISDICTION AND VENUE

14.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq*. Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

15. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that defendants employed Plaintiff in the Northern District, Plaintiff resides in the Northern District, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District. Defendant Tyco is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit.

## PROCEDURAL HISTORY

16. Plaintiff timely filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA as well as the Illinois Human Rights Act. Plaintiff hereby incorporates by reference and attachment, each and every allegation of the charge of discrimination, as though fully set forth herein. *Attached hereto as Exhibit "A," and incorporated herein for reference, is a true and correct copy of the underlying EEOC Charge of Discrimination upon which the EEOC issued a right to sue letter.*

17. Plaintiff received a Notice of Right To Sue (*Issued on Request*) dated November 1, 2007, from the EEOC for the Charge of Discrimination (EEOC Charge No. 440-2007-02074). Plaintiff properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving his notice letter regarding same. *Attached hereto as Exhibit "B," and incorporated herein for reference, is a true and correct copy of Plaintiff's Notice of Right To Sue letter from the EEOC.*

## FACTUAL ALLEGATIONS

18. During all relevant times herein, Defendant was an employer as defined by the ADA.

19. During all relevant times herein, Plaintiff Escamilla was an employee of Defendant Tyco as defined by the ADA. Plaintiff was employed by Defendant in the position of Team Leader.

20. At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that contributed to Defendant in a substantial and meaningful manner.

21. At all relevant times herein, Plaintiff was competent to perform, and was performing all of the essential functions of his position as Team Leader in a manner that met and/or exceeded Defendant's legitimate business expectations.

22. Plaintiff Escamilla was a qualified individual with a disability, within the meaning of the ADA. Plaintiff Escamilla suffered from the serious medical condition of having a cyst on his brain.

23. Plaintiff was perceived by Defendant Tyco to be disabled within the meaning of the ADA.

24. Defendant Tyco regarded Plaintiff as impaired and considered him disabled.

25. Plaintiff's disability substantially limited one or more essential life functions, that are central to the life process itself, including but not limited to, the following: caring for one's self, performing manual tasks, walking, speaking, breathing, cognitive function, and working.

26. Plaintiff fully advised the Defendant of the nature and scope of his medical condition as soon as he learned about the condition through the plant manager, Defendant agent and employee "Armando," Defendant agent and employee Tomas Campos, and Defendant agent and employee Angelica Martin. Defendant Tyco was fully aware of Plaintiff's disability at all relevant times.

27. From the time that Plaintiff informed Defendant about his disability, and despite his requests for accommodations, he was discriminated against because of his disability and/or retaliated against for his complaining/reporting of disability discrimination, including, but not limited to, the following:

    1. Defendant refused to accommodate Plaintiff's disability/handicap/serious medical condition, or the perception thereof, in the following ways:

        a. Defendant refused to allow Plaintiff to work while on his medication; and

        b. Defendant refused to allow Plaintiff time off for his medical condition/disability/illness, and instead wrote up Plaintiff any time he missed work in order to take care of his illness;

    2. Defendant terminated Plaintiff because of his disability/handicap/serious medical condition or the perception thereof;

    3. Defendant disciplined Plaintiff more harshly than non-disabled/handicapped employees or employees it did not perceive as disabled/handicapped; and

    4. Defendant otherwise treated Plaintiff differently than non-disabled/disabled employees (or employees it did not perceive as disabled/handicapped) in the terms, conditions, and responsibilities of his employment.

28. Defendant utterly failed to, despite knowledge of Plaintiff's disability, engage in any evaluation, discussion, or interactive process to determine whether any accommodation was necessary or possible.

29. Defendant refused to consider, evaluate, discuss, investigate, engage in, assess, and/or otherwise attempt to accommodate or determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

30. Plaintiff complained about the disability-based discrimination and harassment, and Defendant was fully aware of the nature and scope of the disability-based discrimination and harassment. However, Defendant took no action to stop, remediate, investigate or otherwise address the discrimination/harassment.

31. On November 11, 2006, Defendant terminated Plaintiff in violation of the ADA.

32. There was no legitimate non-discriminatory/non-retaliatory basis for Plaintiff's termination.

33. Defendant unlawfully terminated Plaintiff from his employment because of his disability (cyst on his brain) and/or in retaliation for his complaints/reports regarding disability discrimination.

34. Plaintiff had an outstanding work history and was never subjected to disciplinary action. Plaintiff was an excellent, qualified, and dedicated employee.

35. Defendant replaced Plaintiff with a non-disabled individual.

36. Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, loss of benefits, emotional distress, humiliation, degradation, and other damages.

37. All allegations and claims are pled in the alternative, to the extent such an interpretation is necessitated by law, required for proper construction under the law and permitted under federal law.

## COUNT I

## DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

### 42 U.S.C.A. § 12101, *et. seq*

38. Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

39. All conditions precedent to Count I have been satisfied.

40. Plaintiff was a qualified individual with a disability.

41. The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to take an adverse employment action against a qualified individual with a disability because of his disability.

42. Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

43. Plaintiff Escamilla's serious medical condition rendered him disabled within the meaning of the ADA.

44. Plaintiff has a record of his above-described disabilities.

45. Defendant Tyco was fully aware of the nature and scope of Plaintiff's disability.

46. Defendant Tyco perceived Plaintiff as disabled.

47. At all relevant times herein, Plaintiff could perform all of the essential functions of his job and job responsibilities/duties with or without reasonable accommodation.

48. At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of their job responsibilities/duties.

49. Plaintiff Escamilla requested reasonable accommodations for his disability.

50. Defendant refused to consider, evaluate, discuss, investigate, assess and/or otherwise attempt to engage in an interactive process to determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

51. On November 11, 2006, Defendant terminated Plaintiff's employment, in whole, or in part because of his disability.

52. At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disabilities.

53. At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

54. Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

55. Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

56. Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA
### 42 U.S.C.A. § 12101, *et. seq*

57. Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

58. All conditions precedent to Count II have been satisfied.

59. Plaintiff is a qualified individual with a disability.

60. The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it unlawful to terminate a qualified individual with a disability because of his disability.

61. Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

62. Plaintiff Escamilla was diagnosed as having a cyst on his brain while he was employed by Defendant.

63. Plaintiff Escamilla has a record of his above-described disability.

64. Defendant was aware of Plaintiff Escamilla's disability.

65. Defendant perceived Plaintiff Escamilla as disabled.

66. At all relevant times herein, Plaintiff Escamilla could perform all of the essential functions of his job and job responsibilities/duties.

67. At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disability.

68. On November 11, 2006, Defendant terminated Plaintiff's employment, in whole, or in part in retaliation for his requests for reasonable accommodation of his disability.

69. There was no legitimate non-discriminatory/non-retaliatory reason for any of the alleged discriminatory acts and/or retaliatory termination of Plaintiff.

70. At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

71. Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

72. Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

73. Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

## COUNT III

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA

### 42 U.S.C.A. § 12101, *et. seq*

74. Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

75. All conditions precedent to Count III have been satisfied.

76. Plaintiff was a qualified individual with a disability.

77. The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of his disability.

78. Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

79. Plaintiff Escamilla was diagnosed as having a cyst on his brain while he was employed by Defendant.

80. Plaintiff Escamilla has a record of his above-described disability

81. Defendant was aware of Plaintiff Escamilla's disability.

82. Defendant perceived Plaintiff Escamilla as disabled.

83. At all relevant times herein, Plaintiff Escamilla could perform all of the essential functions of his job and job responsibilities/duties.

84. At all relevant times herein, Plaintiff Escamilla was qualified, competent, and able to perform all of his job responsibilities/duties.

85. At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disability.

86. From the date that Defendant first became aware of Plaintiff's disability, it began to harass and humiliate Plaintiff. The harassment and humiliation included, but was not limited to, the following:

   a. Defendant continuously verbally harassed Plaintiff about his disability, and his ability to work while he was disabled;

   b. Defendant continuously refused to allow Plaintiff to work while he was taking medication to treat his disability;

   c. Defendant unlawfully terminated Plaintiff because of his disability and/or his requests for accommodation for his disability;

87. At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

88. Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

89. Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

90. Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

92. All conditions precedent to Count IV have been satisfied.

93. Plaintiff was an employee of the Defendant.

94. Plaintiff fulfilled his job duties with skill and expertise.

95. Defendant's severe and outrageous acts, including, but not limited to, continuously harassing Plaintiff about his disability and ability to work while disabled, refusing to allow Plaintiff to work while taking medication to treat his disability, and terminating Plaintiff due to his disability and/or his requests for reasonable accommodation for his disability were actions that amounted to extreme and outrageous conduct.

96. Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

97. Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

98. The Plaintiff did, in fact, experience extreme emotional distress.

99. By the extreme emotional distress the Plaintiff was thereby damaged.

100. The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i. Damages sufficient to compensate Plaintiff for his injuries;

ii. Reinstatement or Front Pay;

iii. Back Pay, inclusive of lost wages and any benefits;

iv. Pre-judgment and post-judgment interest;

v. Reasonable attorney's fees;

vi. Costs of this action;

vii. Emotional Distress Damages;

viii. Punitive damages; and,

ix. Any and all other relief that this Honorable Court may deem just and equitable.

## JURY DEMAND

*JURY DEMANDED ON ALL COUNTS SO TRIALABLE*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 30, 2008                              FOOTE, MEYERS, MIELKE & FLOWERS, LLC


/s/ Robert M. Foote
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
Ryan A Blay, Esq. (#06289073)
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-6333
Facsimile: (630) 845-8982

Kathleen C. Chavez (#06255735)
Chavez Law Firm, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
The Law Firm of Peter L. Currie, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone: (630) 862-1130
Facsimile: (630) 845-8982

*Attorneys for Plaintiff*