## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROGELIO ESCAMILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 08 C 656 |
| | ) | |
| BERRY PLASTICS CORPORATION d/b/a | ) | Judge Norgle |
| TYCO PLASTICS | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Berry Plastics Corporation (formerly known as "Tyco Plastics," and hereinafter referred to as "Defendant" or "Berry Plastics"), through undersigned counsel of record, and answers the allegations of Plaintiff's Complaint and states defenses as follows:

## NATURE OF ACTION

1.     Plaintiff, Rogelio Escamilla, brings this four (4) Count Complaint against Defendant Tyco, seeking damages for Defendant's egregious disability discrimination, failure to accommodate, harassment, unlawful termination, hostile work environment and related unlawful conduct constituting violations of the Americans with Disabilities Act of 1990, §2 *et. seq.,* 42 U.S.C.A. § 12101, *et. seq. ("ADA")* and the Intentional Infliction of Emotional Distress.

## ANSWER:

Berry Plastics admits that this action is brought under the Americans with Disabilities Act as alleged in Paragraph 1 of the Complaint, but denies any liability thereunder.

2.     This case is about Defendant's shocking, egregious, willful and intentional violations of the Americans with Disabilities Act of 1990, §2 *et. seq.,* 42 U.S.C.A. § 12101, *et. seq. ("ADA").* Plaintiff Escamilla alleges that Defendant Tyco carried out a continuous, ongoing pattern of harassment towards Plaintiff due to his disability and violated the ADA through its policies and practices, including refusing medically necessary time off of work, denying requests for reasonable accommodations and terminating him due to his disability.

**ANSWER:**

The allegations of Paragraph 2 of the Complaint are denied.

3.    Plaintiff is a qualified individual with a disability (severe brain cyst) that was unlawfully subjected to continuous, egregious, and shocking discrimination on the basis of his disability during his employment and unlawfully terminated Plaintiff from his employment because of his disability and/or for his reporting of disability discrimination. Plaintiff Escamilla was disabled and/or perceived as disabled by Tyco. Plaintiff's medical condition substantially impairs major life functions and activities.

**ANSWER:**

The allegations of Paragraph 3 of the Complaint are denied.

4.    Despite Plaintiff's dedicated employment, and despite Plaintiff's repeated requests for accommodation and obvious need for accommodation, Defendant utterly failed to offer any reasonable accommodation and/or to engage in an "interactive process" to determine whether reasonable accommodation was possible. Defendant treated Plaintiff less favorably than non-disabled employees in the terms, conditions, responsibilities, and privileges of employment.

**ANSWER:**

The allegations of Paragraph 4 of the Complaint are denied.

5.    Plaintiff reported/complained about the discrimination, and in retaliation for his complaints/reports, Defendant terminated Plaintiff.

**ANSWER:**

The allegations of Paragraph 5 of the Complaint are denied.

6.    Defendant unlawfully terminated Plaintiff for complaining/reporting disability discrimination and in retaliation for exercising his right to take legal action because Defendant failed to stop, remediate, correct, prevent mitigate and/or otherwise appropriately address the ongoing and continuous disability discrimination.

**ANSWER:**

The allegations of Paragraph 6 of the Complaint are denied.

7.      Plaintiff has suffered extreme emotional distress, lost wages, and other significant damages as a direct and proximate result of Defendant's discrimination, retaliation, and termination of Plaintiff.

**ANSWER:**

The allegations of Paragraph 7 of the Complaint are denied.

8.      Berry Plastics objects to the prolix, argumentative, and inflammatory language of the "Nature of Action" section of Plaintiff's Complaint, which violates the requirement of Rule 8(a), Fed.R.Civ.P. for a "short and plain statement" of the grounds of the Court's jurisdiction, the claim, and the demand for judgment.

**PARTIES**

9.      Plaintiff, Rogelio Escamilla, is a resident of Kane County, Illinois who currently resides at 1492 Golden Oak Parkway, Aurora, Illinois 60506.

**ANSWER:**

The allegations of Paragraph 9 of the Complaint are admitted, on information and belief.

10.      Plaintiff Escamilla was an employee of Defendant Tyco from approximately April 3, 2006 through the date of his illegal termination November 10, 2006.

**ANSWER:**

Berry Plastics states that the Plaintiff was employed from February 13, 2006, to November 10, 2006, and disputes the remaining allegations of Paragraph 10 of the Complaint.

11.      Defendant Tyco is a company doing business in the State of Illinois. Tyco maintains an office at 921 W. Industrial Dr., Aurora, Illinois 60506, at which Plaintiff Escamilla was employed. Defendant Tyco describes itself as a major producer of a wide range of products, including polyethylene-based plastic films, industrial tapes, medical specialties, packaging, heat-shrinkable coatings and specialty laminates.

3

**ANSWER:**

In response to Paragraph 11 of the Complaint, Defendant states that it is doing business under the name Berry Plastics Corporation at 921 W. Industrial Drive, Aurora, IL, 60506, and admits that the Plaintiff was employed at that location during his tenure. Defendant disputes the relevance of the remaining allegations of this numbered paragraph.

12.    Defendant Tyco is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of the ADA, 42 U.S.C. § 12202, 12111(5)(A).

**ANSWER:**

The allegations of Paragraph 12 of the Complaint are admitted.

13.    At the time of his termination, Plaintiff was employed by Defendant Tyco in the position of Team Leader.

**ANSWER:**

The allegations of Paragraph 13 of the Complaint are admitted, except that at the time of Plaintiff's discharge he was employed by "Covalence Specialty Materials Corp.," this Defendant's corporate predecessor.

**JURISDICTION AND VENUE**

14.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities Act of 1990, § 2 *et. seq.,* 42 U.S.C.A. § 12101, *et. seq.* Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C., § 1367 (a).

**ANSWER:**

In response to Paragraph 14 of the Complaint, Defendant admits that this Court has subject matter jurisdiction of the claims brought herein.

15.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that defendants employed Plaintiff in the Northern District, Plaintiff resides in the Northern District, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District. Defendant Tyco is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit.

**ANSWER:**

In response to Paragraph 15 of the Complaint, Defendant admits that venue and jurisdiction

are proper in this federal court.

**PROCEDURAL HISTORY**

16.    Plaintiff timely filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA as well as the Illinois Human Rights Act. Plaintiff hereby incorporates by reference and attachment, each and every allegation of the charge of discrimination, as though fully set forth herein. *Attached hereto as Exhibit "A," and incorporated herein for reference, is a true and correct copy of the underlying EEOC Charge of Discrimination upon which the EEOC issued a right to sue letter.*

**ANSWER:**

On information and belief, Defendant admits that Plaintiff filed a timely charge of

discrimination with the Equal Employment Opportunity Commission, as alleged in Paragraph 16 of

the Complaint.

17.    Plaintiff received a Notice of Right To Sue *(Issued on Request)* dated November 1, 2007, from the EEOC for the Charge of Discrimination (EEOC Charge No. 440-2007-02074). Plaintiff properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving his notice letter regarding same. *Attached hereto as Exhibit "B," and incorporated herein for reference, is a true and correct copy of Plaintiff's Notice of Right To Sue letter from the EEOC.*

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the

truth of the allegations of Paragraph 17 of the Complaint.

**FACTUAL ALLEGATIONS**

18.    During all relevant times herein, Defendant was an employer as defined by the ADA.

**ANSWER:**

The allegations of Paragraph 18 of the Complaint are admitted.

19.    During all relevant times herein, Plaintiff Escamilla was an employee of Defendant Tyco as defined by the ADA.  Plaintiff was employed by Defendant in the position of Team Leader.

**ANSWER:**

The allegations of Paragraph 19 of the Complaint are admitted, except that for most of his tenure Plaintiff was employed by Covalence Specialty Materials Corp.

20.    At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that contributed to Defendant in a substantial and meaningful manner.

**ANSWER:**

The allegations of Paragraph 20 of the Complaint are denied.

21.    At all relevant times herein, Plaintiff was competent to perform, and was performing all of the essential functions of his position as Team Leader in a manner that met and/or exceeded Defendant's legitimate business expectations.

**ANSWER:**

The allegations of Paragraph 21 of the Complaint are denied.

22.    Plaintiff Escamilla was a qualified individual with a disability, within the meaning of the ADA.  Plaintiff Escamilla suffered from the serious medical condition of having a cyst on his brain.

**ANSWER:**

The allegations of Paragraph 22 of the Complaint are denied.

23.    Plaintiff was perceived by Defendant Tyco to be disabled within the meaning of the ADA.

**ANSWER:**

The allegations of Paragraph 23 of the Complaint are denied.

24.    Defendant Tyco regarded Plaintiff as impaired and considered him disabled.

**ANSWER:**

The allegations of Paragraph 24 of the Complaint are denied.

25.    Plaintiff's disability substantially limited one or more essential life functions, that are central to the life process itself, including but not limited to, the following:  caring for one's self, performing manual tasks, walking, speaking, breathing, cognitive function, and working.

**ANSWER:**

The allegations of Paragraph 25 of the Complaint are denied.

26.    Plaintiff fully advised the Defendant of the nature and scope of his medical condition as soon as he learned about the condition through the plant manager, Defendant agent and employee "Armando," Defendant agent and employee Tomas Campos, and Defendant agent and employee Angelica Martin.  Defendant Tyco was fully aware of Plaintiff's disability at all relevant times.

**ANSWER:**

The allegations of Paragraph 26 of the Complaint are denied.

27.    From the time that Plaintiff informed Defendant about his disability, and despite his requests for accommodations, he was discriminated against because of his disability and/or retaliated against for his complaining/reporting of disability discrimination, including, but not limited to, the following:

    1.    Defendant refused to accommodate Plaintiff's disability/handicap/serious medical condition, or the perception thereof, in the following ways:

        a.    Defendant refused to allow Plaintiff to work while on his medication; and

        b.    Defendant refused to allow Plaintiff time off for his medical condition/disability/illness, and instead wrote up Plaintiff any time he missed work in order to take care of his illness;

2.    Defendant terminated Plaintiff because of his disability/handicap/serious medical condition or the perception thereof

3.    Defendant disciplined Plaintiff more harshly than non-disabled/handicapped employees or employees it did not perceive as disabled/handicapped; and

4.    Defendant otherwise treated Plaintiff differently than non-disabled/disabled employees (or employees it did not perceive as disabled/handicapped) in the terms, conditions, and responsibilities of his employment.

**ANSWER:**

The allegations of Paragraph 27 of the Complaint, and its prolix subparagraphs 1 a-b through 4, are denied. Berry Plastics states that Plaintiff's only request was to be allowed to work without taking his prescribed medication, which medication he claimed made him dizzy. This request was denied, as unreasonable.

28.    Defendant utterly failed to, despite knowledge of Plaintiff's disability, engage in any evaluation, discussion, or interactive process to determine whether any accommodation was necessary or possible.

**ANSWER:**

The allegations of Paragraph 28 of the Complaint are denied.

29.    Defendant refused to consider, evaluate, discuss, investigate, engage in, assess, and/or otherwise attempt to accommodate or determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

**ANSWER:**

The allegations of Paragraph 29 of the Complaint are denied.

30.    Plaintiff complained about the disability-based discrimination and harassment, and Defendant was fully aware of the nature and scope of the disability-based discrimination and harassment. However, Defendant took no action to stop, remediate, investigate or otherwise address the discrimination/harassment.

8

**ANSWER:**

The allegations of Paragraph 30 of the Complaint are denied.

31.    On November 11, 2006, Defendant terminated Plaintiff in violation of the ADA.

**ANSWER:**

The allegations of Paragraph 31 of the Complaint are denied.  Berry Plastics states that

Plaintiff's employment was terminated on November 10, 2006, for repeated job performance issues,

absenteeism, and tardiness, after repeated warnings.

32.    There was no legitimate non-discriminatory/non-retaliatory basis for Plaintiff s termination.

**ANSWER:**

The allegations of Paragraph 32 of the Complaint are denied.

33.    Defendant unlawfully terminated Plaintiff from his employment because of his disability (cyst on his brain) and/or in retaliation for his complaints/reports regarding disability discrimination.

**ANSWER:**

The allegations of Paragraph 33 of the Complaint are denied.

34.    Plaintiff had an outstanding work history and was never subjected to disciplinary action. Plaintiff was an excellent, qualified, and dedicated employee.

**ANSWER:**

The allegations of Paragraph 34 of the Complaint are denied.

35.    Defendant replaced Plaintiff with a non-disabled individual.

**ANSWER:**

In response to Paragraph 35 of the Complaint, Defendant states that Plaintiff's lead position was filled by the promotion of Enrique Calderon, who was fully qualified for the position. To Defendant's knowledge, Mr. Calderon has never presented himself as a person with a disability.

36.    Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, loss of benefits, emotional distress, humiliation, degradation, and other damages.

**ANSWER:**

The allegations of Paragraph 36 of the Complaint are denied.

37.    All allegations and claims are pled in the alternative, to the extent such an interpretation is necessitated by law, required for proper construction under the law and permitted under federal law.

**ANSWER:**

The allegations of Paragraph 37 of the Complaint require no response.

**COUNT I**

**DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

**42 U.S.C.A. § 12101 _et seq._**

38.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 37.

39.    All conditions precedent to Count I have been satisfied.

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the truth of the allegations of Paragraph 39 of the Complaint.

40.    Plaintiff was a qualified individual with a disability.

**ANSWER:**

The allegations of Paragraph 40 of the Complaint are denied.

41.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to take an adverse employment action against a qualified individual with a disability because of his disability.

**ANSWER:**

The allegations of Paragraph 41 of the Complaint require no response.

42.    Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

**ANSWER:**

The allegations of Paragraph 42 of the Complaint are denied.

43.    Plaintiff Escamilla's serious medical condition rendered him disabled within the meaning of the ADA.

**ANSWER:**

The allegations of Paragraph 43 of the Complaint are denied.

44.    Plaintiff has a record of his above-described disabilities.

**ANSWER:**

The allegations of Paragraph 44 of the Complaint are denied.

45.    Defendant Tyco was fully aware of the nature and scope of Plaintiff's disability.

**ANSWER:**

The allegations of Paragraph 45 of the Complaint are denied.

46.     Defendant Tyco perceived Plaintiff as disabled.

**ANSWER:**

The allegations of Paragraph 46 of the Complaint are denied.

47.     At all relevant times herein, Plaintiff could perform all of the essential functions of his job and job responsibilities/duties with or without reasonable accommodation.

**ANSWER:**

Berry Plastics states that at all times during his employment, Plaintiff represented that he was fully capable of performing the essential functions of his job without accommodation.  The remaining allegations of Paragraph 47 of the Complaint are denied.

48.     At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of their job responsibilities/duties.

**ANSWER:**

The allegations of Paragraph 48 of the Complaint are denied.

49.     Plaintiff Escamilla requested reasonable accommodations for his disability.

**ANSWER:**

The allegations of Paragraph 49 of the Complaint are denied.

50.     Defendant refused to consider, evaluate, discuss, investigate, assess and/or otherwise attempt to engage in an interactive process to determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

**ANSWER:**

The allegations of Paragraph 50 of the Complaint are denied.

51.     On November 11, 2006, Defendant terminated Plaintiff's employment, in whole, or

in part because of his disability.

**ANSWER:**

The allegations of Paragraph 51 of the Complaint are denied.

52.    At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disabilities.

**ANSWER:**

The allegations of Paragraph 52 of the Complaint are denied.

53.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

**ANSWER:**

The allegations of Paragraph 53 of the Complaint are denied.

54.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

**ANSWER:**

The allegations of Paragraph 54 of the Complaint are denied.

55.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

**ANSWER:**

The allegations of Paragraph 55 of the Complaint are denied.

56.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

**ANSWER:**

The allegations of Paragraph 56 of the Complaint are denied.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADA

### 42 U.S.C.A. § 12101 *et seq.*

57.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference as if fully set forth herein its answers to

Paragraphs 1 through 56.

58.    All conditions precedent to Count II have been satisfied.

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the

truth of the allegations of Paragraph 58 of the Complaint.

59.    Plaintiff is a qualified individual with a disability.

**ANSWER:**

The allegations of Paragraph 59 of the Complaint are denied.

60.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it unlawful to terminate a qualified individual with a disability because of his disability.

**ANSWER:**

The allegations of Paragraph 60 of the Complaint require no response.

61.    Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

**ANSWER:**

The allegations of Paragraph 61 of the Complaint are denied.

14

62.    Plaintiff Escamilla was diagnosed as having a cyst on his brain while he was employed by Defendant.

**ANSWER:**

The allegations of Paragraph 62 of the Complaint are denied.

63.    Plaintiff Escamilla has a record of his above-described disability.

**ANSWER:**

The allegations of Paragraph 63 of the Complaint are denied.

64.    Defendant was aware of Plaintiff Escamilla's disability.

**ANSWER:**

The allegations of Paragraph 64 of the Complaint are denied.

65.    Defendant perceived Plaintiff Escamilla as disabled.

**ANSWER:**

The allegations of Paragraph 65 of the Complaint are denied.

66.    At all relevant times herein, Plaintiff Escamilla could perform all of the essential functions of his job and job responsibilities/duties.

**ANSWER:**

Berry Plastics states that at all times during his employment, Plaintiff represented that he was fully capable of performing the essential functions of his job without accommodation. The remaining allegations of Paragraph 66 of the Complaint are denied.

67.    At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disability.

**ANSWER:**

The allegations of Paragraph 67 of the Complaint are denied.

15

68.    On November 11, 2006, Defendant terminated Plaintiff's employment, in whole, or in part in retaliation for his requests for reasonable accommodation of his disability.

**ANSWER:**

The allegations of Paragraph 68 of the Complaint are denied.

69.    There was no legitimate non-discriminatory/non-retaliatory reason for any of the alleged discriminatory acts and/or retaliatory termination of Plaintiff.

**ANSWER:**

The allegations of Paragraph 69 of the Complaint are denied.

70.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

**ANSWER:**

The allegations of Paragraph 70 of the Complaint are denied.

71.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

**ANSWER:**

The allegations of Paragraph 71 of the Complaint are denied.

72.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

**ANSWER:**

The allegations of Paragraph 72 of the Complaint are denied.

73.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

**ANSWER:**

The allegations of Paragraph 73 of the Complaint are denied.

## COUNT III

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA

### 42 U.S.C.A. § 12101 *et seq.*

74.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference as if fully set forth herein its answers to

Paragraphs 1 through 73.

75.    All conditions precedent to Count III have been satisfied.

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the

truth of the allegations of Paragraph 75 of the Complaint.

76.    Plaintiff was a qualified individual with a disability.

**ANSWER:**

The allegations of Paragraph 76 of the Complaint are denied.

77.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability.  The ADA further makes it illegal to terminate a qualified individual with a disability because of his disability.

**ANSWER:**

The allegations of Paragraph 77 of the Complaint require no response.

78.    Plaintiff Escamilla was disabled in that he suffered from a cyst on his brain, a serious medical condition.

**ANSWER:**

The allegations of Paragraph 78 of the Complaint are denied.

17

79.     Plaintiff Escamilla was diagnosed as having a cyst on his brain while he was employed by Defendant.

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the truth of the allegations of Paragraph 79 of the Complaint.

80.     Plaintiff Escamilla has a record of his above-described disability.

**ANSWER:**

The allegations of Paragraph 80 of the Complaint are denied.

81.     Defendant was aware of Plaintiff Escamilla's disability.

**ANSWER:**

The allegations of Paragraph 81 of the Complaint are denied.

82.     Defendant perceived Plaintiff Escamilla as disabled.

**ANSWER:**

The allegations of Paragraph 82 of the Complaint are denied.

83.     At all relevant times herein, Plaintiff Escamilla could perform all of the essential functions of his job and job responsibilities/duties.

**ANSWER:**

Berry Plastics states that at all times during his employment, Plaintiff represented that he was fully capable of performing the essential functions of his job without accommodation.  The remaining allegations of Paragraph 83 of the Complaint are denied.

84.     At all relevant times herein, Plaintiff Escamilla was qualified, competent, and able to perform all of his job responsibilities/duties.

**ANSWER:**

The allegations of Paragraph 84 of the Complaint are denied.

85.    At all relevant times herein, Plaintiff Escamilla informed Defendant of the nature and scope of his disability.

**ANSWER:**

The allegations of Paragraph 85 of the Complaint are denied.

86.    From the date that Defendant first became aware of Plaintiff's disability, it began to harass and humiliate Plaintiff. The harassment and humiliation included, but was not limited to, the following:

      a.    Defendant continuously verbally harassed Plaintiff about his disability, and his ability to work while he was disabled;

      b.    Defendant continuously refused to allow Plaintiff to work while he was taking medication to treat his disability;

      c.    Defendant unlawfully terminated Plaintiff because of his disability and/or his requests for accommodation for his disability;

**ANSWER:**

The allegations of Paragraph 86 of the Complaint, and subparagraphs a-c, are denied.

87.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

**ANSWER:**

The allegations of Paragraph 87 of the Complaint are denied.

88.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

**ANSWER:**

The allegations of Paragraph 88 of the Complaint are denied.

19

89.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

**ANSWER:**

The allegations of Paragraph 89 of the Complaint are denied.

90.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

**ANSWER:**

The allegations of Paragraph 90 of the Complaint are denied.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

**ANSWER:**

Defendant reasserts and incorporates by reference as if fully set forth herein its answers to

Paragraphs 1 through 90.

92.    All conditions precedent to Count IV have been satisfied.

**ANSWER:**

Defendant is without sufficient information upon which to base a reasonable belief on the

truth of the allegations of Paragraph 92 of the Complaint.

93.    Plaintiff was an employee of the Defendant.

**ANSWER:**

The allegations of Paragraph 93 of the Complaint are admitted.

94.    Plaintiff fulfilled his job duties with skill and expertise.

20

**ANSWER:**

The allegations of Paragraph 94 of the Complaint are denied.

95.    Defendant's severe and outrageous acts, including, but not limited to, continuously harassing Plaintiff about his disability and ability to work while disabled, refusing to allow Plaintiff to work while taking medication to treat his disability, and terminating Plaintiff due to his disability and/or his requests for reasonable accommodation for his disability were actions that amounted to extreme and outrageous conduct.

**ANSWER:**

The allegations of Paragraph 95 of the Complaint are denied.

96.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

**ANSWER:**

The allegations of Paragraph 96 of the Complaint are denied.

97.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

**ANSWER:**

The allegations of Paragraph 97 of the Complaint are denied.

98.    The Plaintiff did, in fact, experience extreme emotional distress.

**ANSWER:**

The allegations of Paragraph 98 of the Complaint are denied.

99.    By the extreme emotional distress the Plaintiff was thereby damaged.

**ANSWER:**

The allegations of Paragraph 99 of the Complaint are denied.

100.    The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**ANSWER:**

The allegations of Paragraph 100 of the Complaint are denied.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

i.      Damages sufficient to compensate Plaintiff for his injuries;

ii.     Reinstatement or Front Pay;

iii.    Back Pay, inclusive of lost wages and any benefits;

iv.     Pre-judgment and post-judgment interest;

v.      Reasonable attorney's fees;

vi.     Costs of this action;

vii.    Emotional Distress Damages;

viii.   Punitive damages; and,

ix.     Any and all other relief that this Honorable Court may deem just and equitable.

**ANSWER:**

Defendant denies that the Plaintiff is entitled to any of the relief demanded in subparagraphs i-ix of his Prayer for Relief, or that he is entitled to any relief in this action.

Defendant denies each and every material allegation of Plaintiff's Complaint not herein expressly admitted, and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims raise any allegation not specifically raised before the Equal Employment Opportunity Commission, he has failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction of them.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff complains of any act or omission arising more than 300 days before the filing of his Charge of Discrimination with the EEOC, such claims are time-barred.

## THIRD AFFIRMATIVE DEFENSE

Each and every employment decision taken with respect to the Plaintiff was based upon legitimate, non-discriminatory and non-retaliatory factors, for which there can be no recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

Defendant disputes the nature and extent of Plaintiff's claimed damages.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages recoverable in this action, he has failed or refused to mitigate them and to that extent is barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

Any imposition of punitive damages under the facts of this case would violate the procedural and substantive protections of federal statutory law and the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff's claimed health issues had been a factor considered in any decision related to his employment, the same decisions would have been taken without such consideration; therefore, Plaintiff is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The allegations of Count IV of the Complaint, Intentional Infliction of Emotional Distress, are preempted by the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*, in that they are inextricably linked to allegations which may be brought only under that statute.

WHEREFORE, PREMISES CONSIDERED, Defendant Berry Plastics Corporation moves this honorable Court, after due proceedings are had, to enter judgment in its favor, dismissing the allegations of the Complaint in their entirety and awarding to Defendant costs of this action, reasonable attorneys' fees, and other such relief as may be just and equitable under the circumstances.

Dated: March 5, 2008

BERRY PLASTICS CORPORATION

By:  s/ Donald J. McNeil
One of Its Attorneys

Donald J. McNeil, #6193106
BARNES & THORNBURG, LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
312-357-1313
312-759-5646 (FAX)

Jonathan S. Harbuck (ASB-0906-U70J)*
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
205-871-5858
205-871-5874 (FAX)

Attorneys for Defendant
Berry Plastics Corporation

*Pro Hac Vice Motion separately filed.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert M. Foote, Esq.
Stephen W. Fung, Esq.
Ryan A. Blay, Esq.
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 North First Street
Suite 2
Geneva, IL 60134

Kathleen C. Chavez
CHAVEZ LAW FIRM, P.C.
28 North First Street
Suite 2
Geneva, IL 60134

Peter L. Currie, Esq.
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Street
St. Charles, IL 60174

s/ Donald J. McNeil